## S. Webbie Burgin v. John W. Burgin.

### (Decided March 15, 1927.)

### Appeal from Clark Circuit Court.

1. Appeal and Error.—On questions of fact, Court of Appeals gives weight to conclusions of chancellor, on account of his knowing particular conditions.

2. Divorce.—Decree of divorce held properly denied wife for cruelty of husband, where alleged cruelty was result of drunkenness; it appearing defendant had not been drunk for 18-months period prior to last act of cruelty complained of.

PENDLETON & BUSH for appellant.

RODNEY HAGGARD and J. F. WINN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Mrs. S. W. Burgin brought this action against her husband, John W. Burgin, for divorce on the ground that for more than six months prior to the institution of this action he had habitually behaved towards her in such a cruel and inhuman manner as to indicate a settled aversion to her and to destroy permanently her peace and happiness, and that shortly before the action was brought he attempted to injure the plaintiff in such a way as to indicate an outrageous temper in him and probable danger to her life. She alleged that he had threatened to take her life and the life of her daughter, who was an invalid; that she was the owner of the house where they resided, and she prayed an injunction restraining the defendant from coming upon the premises, and, on final hearing, a divorce from the bonds of marriage. An answer was filed controverting the allegations of the petition. Proof was taken, and on final hearing the circuit court granted a permanent injunction as prayed in the petition, and also granted her a divorce from bed and board, but refused to grant her a divorce from the bonds of marriage. She appeals.

The parties were married on October 25, 1881. They have only one child, a daughter, who is married and an invalid living with her mother. For some years they had not gotten along together. He is sixty-eight years old, she is sixty-six. For sixteen years the husband has not lived in the room with the wife. The wife had property which she placed in the hands of her brother and this caused some estrangement between them. The husband periodically got on sprees, and when drunk would not know what he was doing. The wife testified that he was entirely indifferent to her after these sprees, and never had a pleasant word for her, although he remained in the same house. He would tell her that he would knock her head off or that he would cut her head off. This had been going on for several years. Shortly before the suit was brought he came in one day very drunk. The brother who had charge of the estate was there and he called him a "lying son-of-a-bitch." A scuffle ensued, and in that scuffle he tried to cut his brother-in-law's throat with a knife, inflicting a wound on his throat. He then went upstairs and tried to get at his wife. She kept a chair between them and he said he would cut her head off. He also said, speaking of his daughter, that he would cut all of their heads off. The wife had had a partial stroke of paralysis several years before and had not fully recovered from it. The daughter was a helpless invalid. She was in an invalid's chair and could not walk. He said to his wife that he wished he had cut his brother-in-law's head off. His conduct was such that the wife and daughter did not know when he might kill one of them.

On questions of fact this court gives weight to the conclusion of the chancellor, because he is on the ground and knows better local conditions. It appears from the proof that the defendant had not been drunk for eighteen months before the difficulty in which he tried to cut his brother-in-law's throat, and that he was then so drunk that he did not know what he was doing. After hearing the proof read and carefully considering it the court concludes that on the facts the judgment of the circuit court should not be disturbed.

Judgment affirmed.